SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:
Date Purchased:

----------------------------------------------------------------------X

**SUMMONS**

SHALTIEL RECHES,

Plaintiff designates New York
County as the place of trial.

Plaintiff,

-against-

The basis of venue is:
Location of Occurrence-
CPLR 503(a)

NIKE USA, INC. and 529 BROADWAY HOLDINGS,
LLC,

Defendants.

----------------------------------------------------------------------X

**To the above named Defendant(s):**

>      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Fresh Meadows, New York
February 18, 2022

STEVEN L. SONKIN
DANIELLA LEVI & ASSOCIATES, P. C.
Attorneys for Plaintiff
SHALTIEL RECHES
159-16 Union Turnpike, Suite 200
Fresh Meadows, New York 11366
(718) 380-1010
Our File No. 22DL0029

TO:
529 BROADWAY HOLDINGS, LLC
C/O Wharton Realty
500 Fifth Avenue, 54th Floor
New York, NY 10110

NIKE USA, INC.
c/o United Agent Group, Inc.
600 Mamoroneck Avenue, Ste. 400
Harrison, NY 10528

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
SHALTIEL RECHES,

                       Plaintiff,

      -against-

NIKE USA, INC. and 529 BROADWAY HOLDINGS,
LLC,
                    Defendants.
-------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, SHALTIEL RECHES, by his attorneys, Daniella Levi and Associates, P.C., complaining of the Defendants respectfully alleges, as and upon information and belief, as follows:

1. At the time of the commencement of this action plaintiff SHALTIEL RECHES was a resident of the State of Israel.

2. The cause of action herein alleged arose in the County of New York, City and State of New York.

3. That at all times herein mentioned, the Defendant **NIKE USA, INC.** was and still is a foreign business corporation duly authorized to do business in the State of New York.

4. That at all times herein mentioned, the Defendant **529 BROADWAY HOLDINGS, LLC** was and still is a domestic limited liability corporation duly authorized to do business in the State of New York.

5. That at all times herein mentioned, the Defendant **529 BROADWAY HOLDINGS, LLC** was and still is a foreign limited liability corporation duly authorized to do business in the State of New York.

6. On November 1, 2021 and at all times herein mentioned, Defendant **529 BROADWAY HOLDINGS, LLC** owned the premises and the appurtenances and fixtures thereto located at 529 Broadway, New York, New York. ("premises").

7. On November 1, 2021 and at all times herein mentioned, the Defendant **NIKE USA, INC.** was a tenant at the premises located at 529 Broadway, New York, New York.

8. On November 1, 2021, and at all times herein mentioned, Defendant **NIKE USA, INC.** was a tenant at the premises 529 Broadway, New York, New York pursuant to a written lease with Defendant **529 BROADWAY HOLDINGS, LLC**

9. On November 1, 2021, and at all times herein mentioned, Defendant **529 BROADWAY HOLDINGS, LLC** owned the premises and fixtures thereto located at 529 Broadway, New York, New York.

10. On November 1, 2021 and at all times herein mentioned, Defendant **NIKE USA, INC.** operated the premises and the appurtenances and fixtures thereto.

11. On November 1, 2021 and at all times herein mentioned, Defendant **NIKE USA, INC.** maintained the aforesaid premises.

12. On November 1, 2021 and at all times herein mentioned, Defendant **529 BROADWAY HOLDINGS, LLC** had the duty to maintain the aforesaid premises.

13. On November 1, 2021 and at all times herein mentioned, Defendant **529 BROADWAY HOLDINGS, LLC** maintained the aforesaid premises.

14. On November 1, 2021 and at all times herein mentioned, Defendant **NIKE USA, INC.** managed the aforesaid premises.

15. On November 1, 2021 and at all times herein mentioned, Defendant **529 BROADWAY HOLDINGS, LLC** managed the aforesaid premises.

Case 1:22-cv-06082-LJL   Document 4-1   Filed 07/18/22   Page 4 of 9

16. On November 1, 2021 and at all times herein mentioned, Defendant **NIKE USA, INC.** controlled the aforesaid premises.

17. On November 1, 2021 and at all times herein mentioned, Defendant **529 BROADWAY HOLDINGS, LLC** controlled the aforesaid premises.

18. On November 1, 2021 and at all times herein mentioned, Defendant **NIKE USA, INC.** repaired the aforesaid premises.

19. On November 1, 2021 and at all times herein mentioned, Defendant **529 BROADWAY HOLDINGS, LLC** repaired the aforesaid premises.

20. On November 1, 2021 plaintiff **SHALTIEL RECHES** was lawfully within the aforesaid premises.

21. On November 1, 2021 at approximately 11:00 AM, while plaintiff **SHALTIEL RECHES** was in the aforesaid premises, he was caused to trip and fall as a result of an improper and/or inadequately constructed and/or incorrectly placed model display platform located at or near the entrance of the premises causing the Plaintiff to sustain severe, serious and permanent injuries.

22. The above mentioned occurrence and the results thereof were caused by the negligence of the defendants and/or said defendants' servants, agents, employees and/or licensees in the operation, management, maintenance and control of the aforesaid premises in causing allowing and permitting said model display platform at the place abovementioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in failing to maintain premises and including the model display platform in reasonably safe and proper condition; in causing/allowing said model display platform to remain in a hazardous condition;

in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in causing, allowing and permitting the existence of hazardous condition to interfere with and prevent plaintiff's safe passage; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully in said Nike store; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said model display platform to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of persons in said Nike Store; in failing to rope off said model display platform; in negligently creating a hazardous optical illusion; in causing and creating an optically confusing condition; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to avoid the occurrence although Defendants had the opportunity to do so; in causing and creating the defective and/or dangerous condition; and in being otherwise negligent and careless.

23. That, upon information and belief, Defendant **NIKE USA, INC.** had actual notice of the condition causing the accident within a sufficient period of time before the accident that they should have remedied it.

24. That, upon information and belief, Defendant **NIKE USA, INC.** created the condition causing the accident.

25. That, upon information and belief, Defendant **529 BROADWAY HOLDINGS, LLC** had actual notice of the condition causing the accident within a sufficient period of time before

the accident that they should have remedied it.

26. That, upon information and belief, Defendant **529 BROADWAY HOLDINGS, LLC** created the condition causing the accident.

27. That, upon information and belief, Defendant **NIKE USA, INC.** had constructive notice of the condition within a sufficient period of time prior to the accident that they should have discovered and remedied it.

28. That, upon information and belief, Defendant **529 BROADWAY HOLDINGS, LLC** had constructive notice of the condition within a sufficient period of time prior to the accident that they should have discovered and remedied it.

29. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

30. That because of the above stated negligence, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

31. By reason of the above, plaintiff has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff **SHALTIEL RECHES** demands judgment against the defendants in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action, together with the interest, costs and disbursements of this action.

Dated:  Fresh Meadows, New York
       February 18, 2022

STEVEN L. SONKIN
DANIELLA LEVI & ASSOCIATES, P. C.
Attorneys for Plaintiff
SHALTIEL RECHES
159-16 Union Turnpike, Suite 200
Fresh Meadows, New York 11366
(718) 380-1010
Our File No. 22DL0029

## ATTORNEY'S VERIFICATION

**STEVEN L. SONKIN**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at DANIELLA LEVI & ASSOCIATES, P. C., attorneys of record for Plaintiff **SHALTIEL RECHES**, in the action within. I have read the annexed **SUMMONS & COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:      Fresh Meadows, New York
            February 18, 2022

STEVEN L. SONKIN, ESQ.

INDEX NO.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

SHALTIEL RECHES,

Plaintiff,

-against-

NIKE USA, INC. and 529 BROADWAY HOLDINGS, LLC,

Defendants,

## SUMMONS & COMPLAINT

**DANIELLA LEVI & ASSOCIATES, PC**
*Attorneys for Plaintiff*
**SHALTIEL RECHES**
**159-16 Union Turnpike, Suite 200**
**Fresh Meadows, New York 11366**
**(718) 380-1010**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: 2-22-22          Signature:
                        Print Signer's Name:   STEVEN L. SONKIN, ESQ.