SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------- X

SHALTIEL RECHES,                                   :
                                                   :        INDEX NO. 151575/2022
                          Plaintiff,               :
                                                   :        **NIKE USA, INC.'S VERIFIED**
            -against-                              :        **ANSWER TO VERIFIED**
                                                   :        **COMPLAINT**
NIKE USA, INC. and 529 BROADWAY                    :
HOLDINGS, LLC,                                     :
                                                   :
                          Defendants.              :
                                                   :
                                                   X
-------------------------------------------------------

       Defendant, NIKE USA, Inc. ("Nike" or "this Defendant"), by and through its undersigned counsel, for its Verified Answer to Plaintiff Shaltiel Reches' ("Plaintiff") Verified Complaint ("Plaintiff's Complaint"), states:

       1.     Nike is without sufficient knowledge or information at this time to admit or deny the allegations set forth in paragraph 1 of Plaintiff's Complaint and therefore denies the same.

       2.     Nike admits, upon information and belief, that the occurrence giving rise to this suit occurred in New York County, City and State of New York.  Nike denies the remaining allegations set forth in paragraph 2 of Plaintiff's Complaint.

       3.     Nike admits paragraph 3 of Plaintiff's Complaint.

       4.     Paragraphs 4 through 6 are not directed toward this Defendant; therefore no responses are required.  To the extent responses are deemed required, Nike is without sufficient knowledge or information at this time to admit or deny said allegations and therefore denies the same.

5. Nike denies paragraphs 7 and 8 of Plaintiff's Complaint. Upon information and belief, Nike states that NIKE Retail Services, Inc. was the Nike entity that was a tenant on the date and at the premises in question.

6. Paragraph 9 of Plaintiff's Complaint is not directed toward this Defendant; therefore no response is required. To the extent a response is deemed required, Nike is without sufficient knowledge or information at this time to admit or deny said allegations and therefore denies the same.

7. Nike denies paragraphs 10 and 11 of Plaintiff's Complaint. Upon information and belief, Nike states that NIKE Retail Services, Inc. operated the premises in question; see paragraph 5 of this Answer.

8. Paragraph 12 of Plaintiff's Complaint is not directed toward this Defendant and states a legal conclusion rather than facts upon which relief can be granted; therefore no response is required. To the extent a response is deemed required, Nike is without sufficient knowledge or information at this time to admit or deny said allegations and therefore denies the same.

9. Paragraph 13 of Plaintiff's Complaint is not directed toward this Defendant; therefore no response is required. To the extent a response is deemed required, Nike is without sufficient knowledge or information at this time to admit or deny said allegations and therefore denies the same.

10. Nike denies paragraph 14 of Plaintiff's Complaint. See paragraph 5 of this Answer.

11. Paragraph 15 of Plaintiff's Complaint is not directed toward this Defendant; therefore no response is required. To the extent a response is deemed required, Nike is without sufficient knowledge or information at this time to admit or deny said allegations and therefore denies the same.

4857-2864-5140.2

12.     Nike denies paragraph 16 of Plaintiff's Complaint. See paragraph 5 of this Answer.

13.     Paragraph 17 of Plaintiff's Complaint is not directed toward this Defendant; therefore no response is required.  To the extent a response is deemed required, Nike is without sufficient knowledge or information at this time to admit or deny said allegations and therefore denies the same.

14.     Nike denies paragraph 18 of Plaintiff's Complaint. See paragraph 5 of this Answer.

15.     Paragraph 19 of Plaintiff's Complaint is not directed toward this Defendant; therefore no response is required.  To the extent a response is deemed required, Nike is without sufficient knowledge or information at this time to admit or deny said allegations and therefore denies the same.

16.     Responding to paragraph 20 of Plaintiff's Complaint, Nike admits, upon information and belief, that on November 1, 2021, Plaintiff was on the premises located at 529 Broadway, New York, New York.  Nike denies any remaining allegations in paragraph 20 of Plaintiff's Complaint.

17.     Nike denies paragraphs 21 through 24 of Plaintiff's Complaint.

18.     Paragraphs 25 and 26 are not directed toward this Defendant; therefore no responses are required.  To the extent responses are deemed required, Nike is without sufficient knowledge or information at this time to admit or deny said allegations and therefore denies the same.

19.     Nike denies paragraph 27 of Plaintiff's Complaint.

20.     Paragraph 28 of Plaintiff's Complaint is not directed toward this Defendant; therefore no response is required.  To the extent a response is deemed required, Nike is without

4857-2864-5140.2

sufficient knowledge or information at this time to admit or deny said allegations and therefore denies the same.

21.     Nike denies paragraph 29 of Plaintiff's Complaint.  Pleading affirmatively, Plaintiff failed to watch where he was walking, failed to avoid an open and obvious condition, and is solely at fault for causing the occurrence that is the subject of this Complaint.

22.     Nike denies paragraphs 30 through 31 of Plaintiff's Complaint.

23.     Responding to the prayer for relief contained in the "Wherefore" paragraph of Plaintiff's Complaint, Nike denies said allegations and further denies that Plaintiff is entitled to any relief in this action.

24.     Nike denies all allegations set forth in Plaintiff's Complaint not specifically admitted herein.

25.     Nike raises the affirmative defenses of failure to join necessary parties and lack of ownership or control over the subject premises as Plaintiff has named NIKE USA, Inc. as the defendant in her Complaint, however, upon information and belief, NIKE Retail Services, Inc. is the proper defendant for this lawsuit.

26.     Nike raises the affirmative defenses of failure to state facts upon which relief can be granted, comparative or contributory fault, assumption of risk, set-off, failure to mitigate, pre-existing injuries or conditions, lack of actual or constructive knowledge of the hazard, and open and obvious hazard.

27.     Nike reserves the right to amend this Answer in order to, without limitation, assert additional defenses or affirmative claims for relief as deemed necessary hereafter.

4857-2864-5140.2

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint, as drawn, fails to state a cause of action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, Defendant NIKE USA, Inc. respectfully requests that Plaintiff's Complaint be dismissed as set forth above, for its attorneys' fees and costs, and for all further relief to which the Court deems it entitled.

Dated:  March 22, 2022

Respectfully submitted,

Patricia A. O'Connor, Esq.
New York Bar No. 2508752

4857-2864-5140.2

BRODY, O'CONNOR & O'CONNOR, ESQS.
7 Bayview Avenue
Northpoint, New York 11768
Telephone:  (631) 261-7778
patricia.oconnor@brodyoconnor.com

*Attorney for NIKE USA, Inc.*

## ATTORNEY'S VERIFICATION

**PATRICIA O'CONNOR**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at BRODY, O'CONNOR & O'CONNOR, ESQS., attorneys of record for Defendant **NIKE USA, INC.** in the action within. I have read the annexed **ANSWER** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Defendant is a foreign corporation.

Dated March 22, 2022

Patricia A. O'Connor, Esq.

4857-2864-5140.2