USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/01/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- X
SHALITEL RECHES,                                              :
                                  Plaintiff,                  :
                                                              :
            -against-                                         :    22-CV-6082
                                                              :
NIKE USA, INC. and 529 BROADWAY                               :    ORDER
HOLDINGS, LLC,                                                :
                                                              :
                                  Defendants.                 :
------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on July 18, 2022, Defendant Nike USA, Inc. filed a Notice of Removal removing this action from the Supreme Court of the State of New York, County of New York to the Southern District of New York, Not. of Removal, Dkt. 4;

WHEREAS Defendant Nike USA, Inc. alleges that this Court's subject matter jurisdiction in this matter is premised on diversity, Not. of Removal, Dkt. 4 at 2–3;

WHEREAS a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs), *see Handeslsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51–52 (2d Cir. 2000); *see also, e.g., In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010);

WHEREAS the removing party has the burden of showing that this Court has subject matter jurisdiction but neither the Notice of Removal nor the Complaint makes adequate allegations to determine the citizenship of Defendant 529 Broadway Holdings, LLC, Not. of Removal, Dkt. 4; Compl., Dkt. 4–2;

WHEREAS pursuant to 28 U.S.C. § 1446(b)(2), "all defendants who have been properly joined and served must join in or consent to the removal of the action;"

WHEREAS on July 22, 2022, this Court ordered Defendant Nike USA, Inc. to show cause why this action should not be remanded to New York Supreme Court for lack of subject matter jurisdiction and for failure to show that the requirements for removal have been satisfied;

WHEREAS on July 29, 2022, Defendant Nike USA, Inc. represented that at least one of the members of Defendant 529 Broadway Holdings, L.L.C. was a New York resident and that Plaintiff had filed an affidavit of service showing she had served 520 Broadway Holdings, LLC; Nike USA made no representation whether Defendant 529 Broadway Holdings, LLC consented to removal; and

WHEREAS Defendant Nike USA, Inc. argued that this matter should not be remanded to state court because 529 Broadway Holdings, LLC is only a nominal defendant, Dkt. 8;

IT IS HEREBY ORDERED that this matter is REMANDED to the Supreme Court of the State of New York, County of New York. Nike USA has failed to carry its "heavy burden of proving by clear and convincing evidence" that the Court should disregard the citizenship of 529 Broadway Holdings, LLC for purposes of applying the forum defendant rule. *Lewis Morris Assoc. v. Admiral Ins. Co.*, 2004 WL 1065522, at *1 (S.D.N.Y. May 11, 2004). The Court may only disregard 529 Broadway Holding, L.L.C's citizenship upon a demonstration that the Plaintiff fraudulently named the defendant or "that there is no possibility based on the pleadings . . . that a plaintiff can state a cause of action against the non-diverse defendants in state court." *Id.* In determining whether any such possibility exists, "all factual and legal issues must be resolved in favor of the plaintiff." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).

Nike rests is argument on its assertion that 529 Broadway Holdings, LLC is not the real party at issue in this case because it is not responsible for maintaining the display that allegedly caused Plaintiff's injury.  Letter, Dkt. 8 at 1–2.  Based on the pleadings, however, it is not clear that 520 Broadway Holdings, LLC has "no real connection with the controversy."  *Pampillonia*, 138 F.3d at 461.

The Plaintiff alleges that 520 Broadway Holdings, LLC is the landlord of the premises at which she was injured and has a legal responsibility to maintain those premises.  Plaintiff further alleges that 520 Broadway Holdings, LLC "created the condition causing the accident," and that it had both actual and constructive "notice of the condition causing the accident within a sufficient period of time before the accident that they should have remedied it."  Compl., Dkt. 4-1 at ¶ 25, 26. 28.  Regardless of whether Plaintiff can substantiate these claims when called upon to prove them against, the Court must take them as true under the *Pampillonia* standard.  Accordingly, the Court finds that there is a "possibility" that 520 Broadway Holdings, LLC is connected with the controversy in this matter.

Nike has also not demonstrated that there is complete diversity between the parties.  It has represented that at least one member of 520 Broadway Holdings, LLC is a resident of New York, thus running afoul of the forum defendant rule, but even if that rule were not violated, Nike has made no representation regarding whether the New York resident is the only member of the LLC or whether any members of the LLC are citizens of Oregon or are non-United States citizens.  Because it is the removing party's obligation to plead that subject matter jurisdiction exists, and Nike has failed to do so, the case must be remanded to New York Supreme Court.

**SO ORDERED.**

**Date:   August 1, 2022**
**          New York, New York**

**VALERIE CAPRONI**
**United States District Judge**